UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  |  |
|---|---|---|
| **MARK BRAY,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 21-40049-TSH |
| | ) | |
| | ) | |
| | ) | |
| **WORCESTER POLYTECHNIC INSTITUTE,** | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
May 18, 2021

**Hillman, D.J.**

Mark Bray ("Bray" or "Plaintiff") has filed a Complaint against Worcester Polytechnic Institute ("WPI") for Violation of the Mass.Gen.L. ch. 51B, the Massachusetts Fair Housing Act (Count I), Defamation (Count II), Breach of Contract (Count III), Breach of the Covenant of Good Faith and Fair Dealing (Count IV), Tortious Interference with Business (Count V), Tortious Interference with Prospective Economic Advantage (Count VI), Intentional Infliction of Emotional Distress (Docket VII), Negligent Infliction of Emotional Distress (Count VIII), Civil Conspiracy (Count IX), violation of Title IX (Count X), violation of Mass.Gen.L. ch. 93, §102, the Massachusetts Equal Rights Act, (Count XI), Violation of the Equal Protection Act, the Massachusetts Declaration of Rights Pt. 1, Art. 1 (Count XII), and deprivation of his right to due process in violation of 42 U.S.C. § 1983 (Count XIII).

This Order addresses Plaintiff's Motion For A Temporary Restraining Order And Preliminary Injunction (Docket No. 2). For the reasons set forth below, the motion for a

temporary restraining order ("TRO") is *denied* and the motion for preliminary injunction is *denied*, without prejudice.

### Facts[1]

### The Incident

Bray, who is a black man, attends WPI and is set to graduate with honors on May 20, 2021. E.S. is a white woman who also attends WPI and at the time of the relevant events was nineteen (19) years old. On November 7, 2020, Bray and E.S. attended an off-campus party which continued into the morning hours of November 8th. Bray and E.S. knew each other as he had been her Resident Advisor at the dorm where they both resided for a 7-week term in the Fall of 2019. E.S. arrived at the party around 11:00 p.m. Many people at the party were drinking alcohol, including Bray and E.S. E.S. was intoxicated and believed Bray was also intoxicated. Bray admits he had been drinking but denies that he was intoxicated. At some point, E.S. attempted to pass by Bray and his girlfriend who were standing together in a narrow hallway. Bray's back was to the wall and his girlfriend was standing very close to Bray and facing him—it appeared to E.S. that they were interacting romantically. E.S. alleged that as she attempted to slide by the couple (she was against the opposite wall), Bray first moved his hand under his girlfriend's armpit and then reached out, placed his hand under E.S.'s shirt and groped her breast. E.S. brushed his arm away and continued past the couple. She did not say anything at the time

---

[1] I have accepted the facts set forth in the sworn affidavits filed by WPI as true. *See Affidavit of Emily Perlow* (Docket No. 11) and *Affidavit of Gregory Snoddy* (Docket No. 12) and have liberally quoted from them without citation. Bray did not file a verified complaint or any sworn affidavits in support of the factual allegations asserted in support of his motion. The Court has granted the Plaintiff a good deal of leeway in terms of accepting facts asserted in the unverified Complaint and those propounded by Counsel at the hearing. However, there are numerous critical facts which Plaintiff's Counsel propounded which are not supported in the record and the Court cannot rely on in making its determination. Moreover, many of these facts could have been supported by sworn affidavit, documentary evidence or the video of the disciplinary hearing referred to on multiple occasions by Plaintiff's counsel. While failure to provide the appropriate support for his allegations is fatal to the Plaintiff's case, the Court will note that even had he done so, given the posture of his case, *i.e.,* that he is being permitted to attend graduation and his appeal of the CHB decision is pending, the outcome would remain the same.

but alleges that later in the kitchen she mentioned to another partygoer, R.D., that she thought Bray had grabbed her boob. R.D. responded by saying "Yeah, he did.[2]"

On Thursday, November 12th, two acquaintances of Bray told him that there were rumors going around that he had groped E.S.'s breast at the party—he was told no one had witnessed such an incident. One of the individuals recommended that Bray not deny the incident and apologize. Bray asked the acquaintance to call E.S. which he did using Snapchat audio. Bray apologized but asserts that he told E.S. he did not remember the incident. E.S. refused to accept the apology and told Bray she was still deciding whether to file a complaint about the incident.

The Complaint and Disciplinary Hearing

On or about December 10, 2020, Emily Perlow, Assistant Dean of Students at WPI ("Dean Perlow") spoke with E.S. about an email which E.S. had sent to WPI's Title IX coordinator and the Dean of Students Office concerning the possibility of filing a complaint against another WPI student.[3] E.S. told Dean Perlow that Bray had groped her breast while they were attending an off-campus party. Dean Perlow explained to E.S. the procedure for filing a formal complaint. On February 16, 2021, E.S. formally filed a written complaint against Bray and requested a hearing before WPI's Campus Hearing Board ("CHB").

On February 23, 2021, Dean Powell spoke with Bray about E.S.'s allegation. She provided him with a copy of a letter notifying him he had been charged with violation of the WPI's Code of Conduct ("Code") and explained to him the process by which he could address

---

[2] Bray asserts in his complaint that at the disciplinary hearing, R.D. testified he saw that something occurred between Bray and E.S. but he did not see what happened, that is he did not see Bray touch E.S.'s breast. This is an example of an allegation which Bray has not supported with citation to record evidence. *See* note 1, *supra*.

[3] E.S. sent the email on November 28, 2020. Dean Perlow was thereafter assigned to serve as WPI's Conduct Officer for the initial assessment of E.S.'s case.

3

E.S.'s complaint.  The specific charges against Bray included the following violations of the Code:

> 1. Disciplinary, Section IV: Policies Regarding Student Behavior/Letter Q: Physical Abuse and Reckless Endangerment Violation:
>
> 2. Disciplinary, Section III: Standards of the WPI Community/Failure to Foster and Maintain Mature Interpersonal Relationships; and
>
> 3. Disciplinary, Section III: Standards of the WPI Community/Failure to Engage Respectfully and Civilly within the Community.

On February 24, 2021, Dean Perlow held an Administrative Agreement Meeting with Bray.[4] Bray responded to E.S.'s allegations and provided the names of three potential witnesses to Dean Perlow.  Dean Perlow interviewed two of the witnesses identified by Bray (the third declined to be interviewed) and one witness identified by E.S. She then determined that the matter should be resolved by hearing before the CHB panel. She informed Bray of her decision on March 10, 2021. She gave him a list of potential dates for the hearing and asked him to inform her of any dates which would not work for him. She also provided Bray a list of names of all CHB members who could potentially be selected to serve on his hearing panel and asked him to identify any members who should be excluded. Bray did not identify any member who should be excluded.

Gregory A. Snoddy, Dean of Students and Assistant Vice President for WPI ("Dean Snoddy"), was assigned to be the Conduct Officer for the E.S./Bray matter as it progressed to a hearing before the CHB.  On April 1, 2021, he met with Bray and discussed the charges and particulars of how the CHB hearing would be conducted. On March 18th, Bray was informed that the hearing would take place via video on April 22, 2021. On April 20, 2021, Bray was advised

---

[4] At the Administrative Agreement Meeting, Bray had the opportunity to respond to E.S.'s allegations and determine if an Administrative Agreement could be reached. If no Administrative Agreement was reached, the matter would proceed to a hearing before the CHB panel.

of the identity of the witnesses E.S expected to call at the hearing—all these witnesses were also on Bray's witness list. He was also told the identify of the CHB members who would be assigned to the panel for his hearing.  At the beginning of the hearing Bray was asked if he wanted to exclude any member of the panel and he responded that he did not.  Bray pled not responsible for each of the three charges and corresponding Code violations which had been filed against him. Bray was permitted to: make an opening statement; call witnesses; present evidence; indirectly, through the CHB Chair, ask questions of E.S. and her witnesses; and make a final statement. After deliberating, a majority of  the CHB panel determined that based on a preponderance of the evidence, Bray was responsible for committing the charged violations.  The CHB issued its decision in writing on April 23, 2021 which levied the following sanctions against Bray:

   1. Bray would be prohibited from attending on-campus classes, athletics, activities or events other than COVID-19 testing and would be required to register for remote only classes;

   2.  He must complete an Intimate Partner Abuse Education Program before December 17, 2021 and comply with any recommended follow-up or treatment program;

   3.  The CHB Board *recommended* that Bray be removed from consideration for any awards, honors of distinctions or highlights associated with WPI; and

   4. He receive a deferred disciplinary suspension until December 17, 2021, which bars him from, among other things, attending classes and living or working on campus. As the result of such suspension, Bray will not receive his degree until after December 17, 2021.

Bray was also notified that he had five (5) business days to submit his appeal in writing to the Dean of Students Office. On April 23, 2021, Bray notified Dean Snoddy, via email, that he intended to appeal the decision.  Dean Snoddy offered to assist Bray in moving into a WPI Townhouse (which is presumably not on campus) and informed him that he would be permitted to attend one of his on-campus classes which involved lab work (his time on campus was limited

to that necessary to attend the class). In a later communication Bray was informed that because he had a WPI meal plan, he would also be allowed on-campus to eat meals. In response to Bray's question about his ability to graduate with any honors/award he had earned, Dr. Snoddy clarified that the CHB panel's recommended sanction that Bray not be considered for any WPI awards, honors or highlights meant that no references to awards or honors earned by him would be posted on any WPI social media sites, however, he remained eligible for all academic honors, including the ability to graduate "cum laude."

On April 28, 2021, Bray sent an email to Dean Snoddy requesting an extension to May 10, 2021 to file his appeal. Dr. Snoddy indicated that he could do so, however, a decision on the appeal would probably not be issued prior to the date set for commencement exercises, May 20, 2021. Bray submitted his appeal on May 10, 2021. As of the filing of the appeal, the Deferred Disciplinary Decision Suspension portion of the CHB decision was placed in abeyance. Accordingly, Bray has been informed that he is eligible to participate in WPI's commencement exercises and will be permitted to do so. At those exercises, Bray *like every other WPI student*, will not receive a diploma. Rather each student, including Bray, will be permitted to walk across the stage and receive a folder containing a "WPI Banner." Bray has indicated he intends to attend commencement and has registered two guests.

If Bray's appeal is upheld, he will receive his diploma several weeks after commencement (like all other WPI graduates). If it is denied, he will not receive it until after he has completed all requirements relative to his deferred suspension in December 2021.

Other Relevant Facts Propounded by the Parties Which Have Been Accepted by the Court

Bray has denied that he touched E.S. and his girlfriend, who was with him all night, will attest that to her knowledge, the event described by E.S. did not occur, that is, she did not see Bray touch E.S.'s breast. There were no minority members on the CHB hearing panel. Under the terms of the discipline imposed by the CHB panel, Bray is entitled to receive all academic awards and honors which he has earned.  The discipline imposed by the CHB panel will not be reflected in how Bray will be listed in the WPI commencement program.

## Standard of Review

In evaluating a motion for a temporary restraining order or preliminary injunction, the Court examines the following four factors: the likelihood the movant will succeed on the merits, that the movant is likely to suffer irreparable harm in the absence preliminary relief, that the balance of equities tips in the movant's favor, and that an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now*, *Inc.*, 645 F.3d 26, 32 (1st Cir. 2011).    While all four factors must be weighed, the moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry."  *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir.1998).  "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir.2002)) (emphasis added). The moving party bears the burden of proof for each of these four factors.  *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

**Discussion**

Bray's motion requests that the Court prevent WPI from enforcing the sanctions imposed on him by the CHB thereby permitting him to graduate with honors on May 20, 2021 and receive his diploma immediately. In support of his motion, Bray relies on exhibits submitted at the hearing and argument. Essentially, Bray argues that his due process rights were violated because there were no minority members on the CHB panel, he was not allowed to cross-examine E.S. about a consensual encounter she had with another individual on November 8, 2020, and the CHB proceeding was a sham because given her contacts, relationships and participation[5] in WPI disciplinary proceedings, the panel was biased in favor of E.S. In his memorandum in support of his motion, Bray asserts that he is likely to succeed on his merits of his breach of contract claim and his Title IX claim. At the hearing he added his Section 1983 due process claim to the mix. The Court will limit its discussion to whether Plaintiff is likely to prevail on the merits of these three claims.[6]

Likelihood of Success on the Merits

As to Bray's request that he be permitted to attend the WPI commencement ceremony on May 20. 2021 and graduate with honors, it is clear from the record evidence that WPI is not preventing Bray from attending the WPI commencement ceremonies to be held on May 20, 2021. In fact, he will be permitted to be a full participant and will have all the rights and benefits of the other WPI graduation students given that degrees/diplomas are not issued until weeks after the commencement ceremonies. Moreover, the CHB decision does not prevent him from

---

[5] In what capacity E.S. has allegedly participated is unclear, but counsel inferred that E.S. has been a student member of the CHB or an advisor of students engaged in disciplinary proceedings.

[6] Plaintiff has filed a "kitchen sink" complaint, that is, he has asserted a cookie cutter array of numerous claims without any regard as to whether the alleged causes of action apply to the circumstances of his case. Moving forward, the Plaintiff may want to reassess whether to proceed with all the claims he has asserted, some of which appear on their face to be of dubious viability.

graduating with honors or take away any academic awards he has achieved. Therefore, this aspect of Bray's request is moot. As to Bray's request that the Court order that the CHB decision be vacated and he be awarded his degree on the same timeline as WPI students in good standing, on the record before the Court, *see* note 1, *supra*, the Plaintiff has failed to establish that he is likely to succeed on the merits. First, his appeal of the CHB decision remains pending and therefore, it is not certain that the sanctions he is challenging will stand. Given that a decision on the appeal will be issued by WPI within the next week, that Plaintiff was allowed to complete all of his course requirements and can participate in WPI's upcoming commencement ceremony, it is questionable as to whether it is appropriate for the Court to rule on this issue prior to WPI issuing a decision on his appeal. *See Doe v. Amherst Coll.,* Civ. Act. No. 14-30114-MGM, 2014 WL 12597613, at *4 (D. Mass. Jul. 28, 2014)(Court notes that there exists general principle that courts should stay out of academic and disciplinary affairs of colleges)(*citing Schaer v. Brandeis Univ.*, 432 Mass. 474, 482, 735 N.E.2d 373, 381 (2000)).

Of greater significance, the factual and legal allegations asserted by Bray in support his motion for injunctive relief fail to support his claims for violation of Title IX or his right to due process[7]. Certainly, the conclusory and unsupported allegations and argument relied on him at the hearing do not. Additionally, Bray is asking the Court to overturn the CHB's decision—terming it unsupported by common sense and the result of the renderings of a "kangaroo;

---

[7] As to his Title IX claim, Bray does not allege any facts which would raise an inference of discrimination based on his gender and does not otherwise assert any facts which would support a finding that gender bias had some causal connection to the outcome of his disciplinary hearing, or that similarly situated females have been treated differently in the course of WPI disciplinary proceedings. With respect to his due process claim, he asserts that there were no minority members on the CHB panel but does not elaborate as to how the panel was put together or how it affected his rights. He also challenges the CHB panel's decision not to allow him to cross-examine E.S. as to a particular incident but does not provide the Court with the video evidence that was in his possession and which would establish the questions which Bray attempted to ask and the basis for denying him the right to pursue those questions. Finally, Bray's unsubstantiated allegations regarding possible bias in E.S.'s favor are vague, confusing and lack any meaningful factual or legal development. These are other deficiencies in how these claims were presented at the hearing which the Court need not address at this time.

court"—despite not having provided the Court with a record of the evidence which was before the CHB panel.[8] With respect to the breach of contract claim, Plaintiff's own submissions and arguments establish that the procedures set forth in the Code were followed and that the sanctions imposed fell within those permitted for the violations of which Bray was found responsible. Bray does argue otherwise (other than to suggest that other unspecified more lenient sanctions could have been imposed). Instead, he simply disagrees with the CHB's decision. Consequentially, he has failed to establish a likelihood of success on the merits of his breach of contract claim.

I find that Bray has failed to establish a likelihood of success on the merits of the claims relied on in support of his request for injunctive relief. For this reason alone, his motion for a TRO and preliminary injunction is denied. Nonetheless, for the sake of completeness, I will briefly address the remaining factors.

Risk of Irreparable Harm

"Only a viable threat of serious harm which cannot be undone authorizes exercise of a court's equitable power to enjoin before the merits are fully determined." *Massachusetts Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness of Com. of Massachusetts*, 649 F.2d 71, 74 (1st Cir. 1981) (citing *Parks v. Dunlop*, 517 F.2d 785 (5th Cir.

---

[8] Bray does not specify what standard the Court should apply in determining whether the CHB panel's decision should be overturned. In *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561 (D. Mass. 2016), the court noted that there is a split of authority as to what standard should be applied in determining whether a private university's discipline of a student should be overturned. The court noted that " '[i]n Massachusetts courts have held that a private university may not act 'arbitrarily or capriciously' in disciplining a student." *Id.*, at 600.  The court also stated that it was not clear that  this standard applies where there is a university-student contract governing the proceedings.  *Id.* The court further noted that there is precedent to suggest that the governing standard is whether the university's decision complied with "basic fairness." At the same time, it is unclear whether there a distinction between the two standards. *Id.*, at 600–01.  On this record, Plaintiff has failed to show that he is likely to establish that the CHB panel's decision was arbitrary and capricious or violated "basic fairness" as such term has been defined for purposes of school disciplinary proceedings.

1975)). "A preliminary injunction will not be issued simply to prevent a mere possibility of injury. A presently existing, actual threat must be shown." *Id.* Bray suggests that with the cloud of the CHB decision hanging over his head, he will not be able to fully enjoy his graduation week, including the commencement ceremony. Without diminishing the effect of the CHB decision on Bray's state of mind, the emotional turmoil he describes in and of itself is insufficient to carry his burden to establish irreparable harm. Bray also suggests that he will suffer irreparable harm because he will be unable to begin applying to medical school until he receives his degree, which if the sanctions imposed by the CHB remain in place, will not occur until December 2021. Again, the Court must reiterate that Bray's appeal remains pending. Under the procedure's set forth the Code, a disposition of the appeal will be issued shortly. If the appeal is in his favor, then he will receive his degree imminently. If the appeal is decided against him, he will receive his degree in December. There is no evidence that maintaining the status quo will prevent Bray from pursuing a career in medicine. Indeed, the evidence is that the sanctions imposed by the CHB will not appear on Bray's academic record. There is a chance they could be disclosed upon inquiry by any medical school to which Bray has applied, but he will be advised of the request prior to any such disclosure. More importantly, Bray has failed to establish that such a delay would hinder his ability to timely apply to medical school. Indeed, he has not indicated when the application process begins or when the time for submitting application closes. The same applies for Bray's ability to enter the work force. While he may not be able to apply for jobs which require a college degree, he is not barred from entering the workforce and his ability to obtain a job requiring such a degree is merely delayed, not curtailed. Also, Bray has requested monetary compensation from WPI as the result of any delays in applying to medical school and/or obtaining employment as the result of WPI's enforcing the sanctions imposed by the CHB. Where monetary damages are available, courts are

unlikely to find the requisite irreparable harm. *See Doe v. Amherst Coll.,* 2014 WL 12597613, at *3. Under the circumstances, I do not find that Bray faces irreparable harm if his motion for a TRO is denied.

### Balance of Equities and Public Interest

The balance of equities and public policy do not strongly favor either party. Bray will live under a stigma until this matter is finally resolved and if it ultimately turns out in his favor, his reputation will have unduly suffered. On the other hand, colleges and universities, such as WPI, have a duty to protect their students including through disciplinary proceedings. It is important to allow such institutions to maintain their right to pursue disciplinary proceedings in accordance with stated policies and procedures such as WPI has done in this case.

### **Conclusion**

The Motion For A Temporary Restraining Order And Preliminary Injunction (Docket No. 2) is ***denied***.[9]

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[9] The motion for preliminary injunction is denied without prejudice to refiling after the issuance of WPI's decision on Bray's appeal.